IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARMANDO REYES,

    Plaintiff,

  v.

STATE OF OREGON, MULTNOMAH
COUNTY, DESCHUTES COUNTY, DR.
SHELTON, personally and DR. BRIDENBAUGH,
personally,

    Defendants.

Civil No. 05-584-HA

OPINION
AND ORDER

Leonard R. Berman
4711 S.W. Huber St., Suite E-3
Portland, Oregon 97219
    Attorney for Plaintiff

1 – OPINION AND ORDER

Agnes Sowle
Multnomah County Attorney
David R. Blankfeld
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
    Attorneys for Defendant Multnomah County

HAGGERTY, Chief Judge:

On April 28, 2005, this action was removed to this court from Multnomah County Circuit Court. Plaintiff alleges that on September 21, 2001, while incarcerated at a Multnomah County corrections facility, he was attacked by another prisoner. As a result, plaintiff avers that he suffered migraine headaches, vomiting, and seizures. He was subsequently transferred to a Deschutes County corrections facility, and later, a State of Oregon facility. Plaintiff contends that "[d]espite numerous personal and professional medical requests, defendants . . . failed adequately to test, diagnose, treat and nourish" plaintiff for the injuries he sustained. Amended Complaint (Am. Compl.) at ¶¶ 3-6.

Defendant Multnomah County brings this Motion to Dismiss, asserting that plaintiff has failed to exhaust all administrative remedies under the Prison Litigation Reform Act (PLRA) of 1995. For the following reasons, the court grants defendant's motion, and dismisses defendant Multnomah County without prejudice.

The PLRA requires that prisoners exhaust all administrative remedies before filing a suit in federal court. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted."). The alleged failure of a prisoner to exhaust all available administrative remedies is an affirmative defense, and the defendant carries the burden of proof. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial remedies is subject to an unenumerated Federal Rule of Civil Procedure 12(b) motion. *Id.* (citations omitted).

The PLRA's exhaustion requirement is mandatory and applies regardless of whether the prisoner seeks money damages or some other relief. *Booth v. Churner*, 532 U.S. 731, 739-40 (2001). Additionally, it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). This requirement has been broadly construed to "reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 524-25. Congress's intent was that internal review would filter out frivolous claims, and for cases that were ultimately brought to court, adjudication would be facilitated by an administrative record that defined the contours of the controversy. *Booth*, 532 U.S. at 737.

Plaintiff does not dispute that his allegations are based on prison conditions that occurred while he was incarcerated or that he failed to avail himself of defendant's grievance procedures prior to filing the Complaint. Rather, plaintiff argues that because he was not in custody at the time he filed the Complaint, Section 1997e does not apply to him, and he is not required to allege or prove exhaustion of administrative remedies.

This particular question – whether the PLRA's exhaustion of administrative remedies requirement applies to an out-of-custody plaintiff – appears to be one of first impression in this district, and in the Ninth Circuit. In support of his argument, plaintiff cites to *Kerr v. Puckett*, 138 F.3d 321 (7th Cir. 1998), for the proposition that the PLRA's exhaustion requirement applies only to an in-custody prisoner. However, a recent decision out of the Northern District of California rejected a similar argument, reasoning that allowing prisoners to file suit after their release without first exhausting administrative remedies would thwart clear congressional goals. *See Mason v. County of San Mateo*, 2005 U.S. Dist. LEXIS 1223 (N. D. Cal.). The court cited to *Booth* and *Porter*, both of which were decided after *Kerr*, and concluded that the Supreme Court's pronouncements in these cases broadened the scope of the PLRA's exhaustion requirement and that exempting ex-prisoners from the requirement would defeat Congress's objectives. *Id.* at *10; *see also Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9 (1984) ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect."); *Morgan v. Maricopa County*, 259 F. Supp. 2d 985, 992 (D. Ariz. 2003); *Becker v. Vargo*, 2004 U.S. Dist. LEXIS 8767, at *10-13 (D. Or.) (holding that a plaintiff who was a prisoner at the time the complaint was filed must exhaust administrative remedies, even if the plaintiff is later released).

The court is persuaded by the reasoning in *Mason* and concludes that it would be incongruous with Congress's purpose in enacting the PLRA to permit plaintiff to escape its

requirement that suits relating to prison conditions proceed through the administrative channels prior to making their way to federal court simply because plaintiff waited until he was released from custody to file suit.

**CONCLUSION**

Defendant Multnomah County's Unenumerated 12(b) Motion to Dismiss (Doc. #6) is GRANTED. Plaintiff's claims against Multnomah County are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated this _21____ day of June, 2005.

                                              /s/Ancer L.Haggerty

                                              ANCER L. HAGGERTY
                                              United States District Judge